# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1787

_____

United States of America

*Plaintiff - Appellee*

v.

Frederick Lee Reeves

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 11, 2012
Filed: December 18, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Frederick Reeves appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to possession with intent to distribute more than

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

500 grams of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  His counsel has  moved to withdraw, and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court committed procedural plain error and imposed a substantively unreasonable sentence.

Upon careful review, we find nothing in the record to suggest that the district court committed any procedural error--much less plain error--in this case. See United States v. Molnar, 590 F.3d 912, 914-915 (8th Cir. 2010) (reviewing for plain error when defendant did not object below; party claiming plain error must prove there was error that was plain and that affected his substantial rights).  We further conclude that Reeves's sentence is not unreasonable.  The district court thoroughly explained its chosen sentence, relied on and properly weighed appropriate factors only, and imposed a prison term within the calculated Guidelines range and the statutory limits.  See United States v. Feemster, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc) (procedure for appellate court review of sentences).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Reeves about procedures for seeking rehearing or filing a petition for certiorari.

_____